IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 MAY 23 PM 12: 00
CLERK TRB
SO. DIST. OF GA.

| | |
|---|---|
| **SEAFOODLICIOUS, INC.**, a Georgia Corporation, <br> **VINCENT TANG**, an Individual, <br> **JAMES LEE**, an Individual, <br><br> Plaintiffs, <br><br> -vs- <br><br> **UNITED STATES OF AMERICA**, <br><br> Defendant | Case No. CV419-116 |

## COMPLAINT

The Plaintiffs, SEAFOODLICIOUS, a Georgia Corporation, VINCENT TANG, an Individual, and JAMES LEE, an Individual, hereby file suit against the United States of America pursuant to 7 U.S.C. §2023, and seek a *de novo* Judicial Review of the Administrative Decision to deny the Plaintiffs re-authorization as a Supplemental Nutrition Assistance Program (SNAP) retailer. In support of this claim, the Plaintiffs allege:

**CASE BACKGROUND & PROCEDURAL HISTORY**

1. The Plaintiffs operate a retail food store SEAFOODLICIOUS, which has been in business since 2002. The store is located at 4435 Skidaway Road, Savannah, Georgia 31404, and has operated using roughly the same business model for more than a half-century.

2. SEAFOODLICIOUS is an authorized Supplemental Nutrition Assistance Program (SNAP) retailer, participating in the United States Department of Agriculture's nutrition program previously called the "Food Stamp Program." In 2018, the store was due up for

a five (5) year reauthorization, and accordingly, the Defendant (acting through the USDA, Food and Nutrition Service) sent a reauthorization request on August 6th, 2018.

3. The Plaintiffs timely and appropriately submitted a re-authorization application to the Defendant through FNS's online system, which showed the store to be eligible for continued participation as a SNAP retailer under 7 C.F.R. §278.1(b)(1)(iii), Criterion B: "In order to qualify under this criterion, firms must have more than 50% of their total gross retail sales in staple food sales." *Id.*

4. On or about August 28th, 2018, the Defendant sent a second letter dated August 28th, 2018 which requested additional information or documents to verify the reauthorization. The letter stated as follows:

- "The sales data you provided is inconclusive. You provided a summary of your hot good cooked charged fees, however we are unable to determine what percentage of your raw seafood is actually cooked prior to your customers leaving the premises.

- Please provide:
    o One week of actual sales receipts; and
    o A one week sales overview

- Ensure that your figures break down not only the cooked charge fee, but also the percentage of hot food versus raw food. If it leaves the premises HOT, whether the customer purchased it raw initially, it is still considered a hot food item."

5. The Plaintiff complied, submitting a summary from May 1st 2018 through July 31st, 2018 which in pertinent part showed $281,137.24 of gross revenue, for which staple foods (not heated or cooked in the store) accounted for $166,723.02 (59.3%), and heated foods (and charges for heating/cooking) amounted to $104,574.41 (37.19%). The remainder of the revenue was for accessory food items.

6. Furthermore, the store submitted six (6) days of sales information subsequent to the August 28th, 2018 letter, showing 82.7% of their sales to be in raw food (eligible, uncooked staple food items), 15.68% to be in cooked food (food that left the store heated). This report was computer generated, and supported by the raw information for each day's sales, and 208 pages of receipts from those sales.

7. On September 14th, 2018, the Defendant sent a letter to the Plaintiffs (the "Withdrawal Letter") stating "your authorization to participate as a retailer in the Supplemental Nutrition Assistance Program (SNAP) is being withdrawn."

8. The letter continued, "this determination is based on the following:... On 8/28/18 we sent you a letter requesting information needed to complete the reauthorization process (copy enclosed). The information you submitted was inadequate (i.e., unclear or incomplete). Therefore, the SNAP authorization for the location listed above will be withdrawn."

9. The Withdrawal Letter made no comment about any other basis for the loss of authorization aside from compliance.

10. On September 21st, 2018, the Plaintiffs filed a request for administrative review, noting in its eventual brief, that the store had complied and produced all such documents requested, and furthermore, that no other indication had been given by the Defendant that the documents submitted by the Plaintiff were anything other than clear and adequate.

11. The Administrative Review Officer, Mr. Robert Deegan, subsequently issued an opinion dated April 25th, 2019, in which he denied the Plaintiff's appeal:

> "Although Appellant was responsible to the agency's request for information related to the firm's sales, it was unable to provide specific and clear

documentation relating to hot and raw food sales, including foods that are purchased raw or uncooked at the point of sale and then cooked or heated before the customer leaves the premises." Page 4 of the Final Agency Decision.

12. The Defendant's determination was in spite of the significant record production on the part of the Plaintiffs; no correspondence or communication to the Plaintiff of what other documents – aside from what was requested by the Defendant – the Plaintiff could provide; and appears to be an end-run to make an unsupported finding that the store was a restaurant and not otherwise eligible. However, because the Defendant couldn't prove that the store was a restaurant, it instead vaguely indicated a lack of compliance on the part of the Plaintiffs.

13. In accordance with 7 U.S.C. §2023, and as noted by the Final Agency Decision, the Plaintiffs have the opportunity for a *de novo* Judicial Appeal of the Final Agency Decision, for which this matter is filed.

## PARTIES

14. The Plaintiff, SEAFOODLICIOUS, INC., is a Georgia Domestic Profit Corporation with a principal office address of 4435 Skidaway Road, Savannah, Georgia, 31404.

15. The Plaintiff, VINCENT TANG, is a natural person and a resident of Savannah, Georgia. Plaintiff, Mr. Tang, is an owner of SEAFOODLICIOUS and a SNAP applicant on behalf of the business.

16. The Plaintiff, JAMES LEE, is a natural personal and a resident of Savannah, Georgia. Mr. Lee is also a SNAP applicant on behalf of the business.

17. The Defendant, the United States of America, administers the Supplemental Nutrition Assistance Program (SNAP) through the Department of Agriculture (USDA) and its

subsidiary, the Food and Nutrition Service (FNS). The Defendant is referred to herein as the "Government."

## JURISDICTION & VENUE

18. This Court has subject matter jurisdiction over the parties pursuant to the specific Congressional grant of authority found in 7 U.S.C. §2023.

19. The Court has personal jurisdiction over the parties also pursuant to 7 U.S.C. §2023 and for the fact that the circumstances giving rise to this matter arose within the District of South Carolina.

20. Venue is appropriate in this District Court as the business, Seafoodlicious, is located within its geographic boundaries.

## COUNT I: REQUEST FOR JUDICIAL REVIEW

21. The Plaintiffs re-aver the allegations set forth above as though set forth fully herein.

22. The Plaintiffs, pursuant to 7 U.S.C. §2023 are entitled to a *de novo* review of the Government's decision to deny re-authorization of the store.

23. The Plaintiffs qualify to participate in the SNAP program as an authorized retailer under the regulatory criterion found in 7 C.F.R. §278, just as they have in the past.

24. The Defendant's contention that the Plaintiffs' withdrawal could be factually based upon non-compliance with requested documents is unsupported. The Defendant Requested the following items, to which the Plaintiff complied:

    a. <u>One week of actual sales receipts</u>: 208 pages of sales receipts from the requested timeframe were timely provided to the Defendant.

      b. <u>A one week sales overview</u>: a one page summary was provided, plus six days' of one-day summaries. In addition thereto, the Plaintiffs supplied three full month's of sales records breaking down hot food and eligible staple food sales.

25. There was far more than adequate information provided to the Department to support an authorization, and no indication that any of the information provided was less than complete or sufficient.

26. As such, pursuant to 7 U.S.C. §2023, the Department's final determination was in err as a result of both its lack of factual support, and the presence of clear records to the contrary.

27. Alternatively, the Department's determination that the Plaintiffs had not complied was arbitrary and capricious in nature, rendering the decision errant and reversible.

      a. There was more than sufficient clear documentation in the record to support the sales figures sufficient to warrant qualification under Criterion B; and

      b. the Plaintiffs' supplementation as requested by the Defendant, went above and beyond to clarify any vagaries by providing three months of sales records.

28. From the information submitted by the Plaintiffs, there was more than sufficient documentation to support authorization.

29. Therefore, pursuant to the statute, this Court should reverse the Department's determination and find that the store should have been reauthorized.

30. The Plaintiffs may incur attorney's fees and costs in bringing this matter before the Court, and respectfully request that the Government be required to repay said fees in the event the Court enters judgment in their favor.

WHEREFORE, the Plaintiffs, SEAFOODLICIOUS, a Georgia Corporation, VINCENT TANG, an Individual, JAMES LEE, an Individual, respectfully request this Honorable Court conduct a review of the Administrative Denial of Re-Authorization, and enter Judgment in favor the Plaintiffs, compelling the Government to re-authorize SEAFOODLICIOUS, and granting the Plaintiffs their attorney's fees and costs.

Dated:  May 23rd, 2019                     Respectfully Submitted,

_____
James Lee
Seafoodlicious, Inc.
4435 Skidaway Road
Savannah, Georgia 31404-5229
912-356-9988
Jimlee6789@gmail.com